STATE OF VERMONT

SUPERIOR COURT                                         ENVIRONMENTAL DIVISION
                                                       Docket No. 106-9-16 Vtec

---

Groundworks Collaborative for Peter Putnam

---

**ENTRY REGARDING MOTION**

Count 1, Municipal DRB Multiple Types OTR (106-9-16 Vtec)

Title:          Motion to Reconsider Transcript Fee Requirement (Motion 2)
Filer:          Iishana Artra
Attorney:       Pro Se
Filed Date:     May 19, 2017

No response filed

**The motion is DENIED.**

In this on-the-record appeal, Iishana Artra (Ms. Artra or Appellant), a self-represented appellant, challenges the permit issued by the Town of Brattleboro Development Review Board (DRB) on August 10, 2016 to Groundworks Collaborative for Peter Putnam (Mr. Putnam or Applicant). The permit, Application No. 2016-56, would allow the partial demolition and renovation of existing buildings, construction of a new building elevated on fill, rebuilding a retaining wall, and other associated site work at 39 and 45 Frost Street in Brattleboro, Vermont (the Project).

Attorney Robert M. Fisher, Esq., represents the Town of Brattleboro. Mr. Putnam is self-represented. Additional self-represented parties include Ananda Forest, Jia Guang Wang, and Roberta Flatley.

Currently pending before this Court is Appellant's request, pursuant to V.R.E.C.P. Rule 5(h)(1)(C), for relief from the requirement of providing a written transcript of the proceedings as required by V.R.E.C.P. Rule 5(h)(1)(A)–(B). In support of the request Appellant cites to a former version of Rule 5. Rule 5 as currently in effect requires a written transcript of the proceedings below. In cases where the proceedings before the appropriate municipal panel were recorded electronically, upon a showing of financial hardship or other good cause, this Court may allow the filing of a copy of the electronic recording rather than a written transcript. V.R.E.C.P. Rule 5(h)(1)(C). Appellant asserts that to have the DRB's 3 hour 20-minute hearing transcribed would cost approximately $600. Further, Appellant offers that she and the other self-represented parties, a group of four, would together be responsible for this cost. Thus, each party would be required to pay $125.

Appellant's revised Statement of Questions is six pages long and raises many issues with several topics including site plan approval, conditional use approval, and flood hazard approval.

Without the benefit of a written transcript, this Court's On-the-Record review of Appellant's very detailed Statement of Questions would be particularly burdensome.

While the Court is sympathetic to the impact that the cost of requiring a transcript may have on the parties, the Court concludes that that financial hardship is greatly outweighed by the impact of proceeding without a transcript. No other good cause is offered for waiving the written transcript requirement.

Lastly, the Court is without the power to waive transcription fees as that service is provided outside of the judiciary.

Appellant is directed to secure and file a written transcript within 45 days of this Order. The Court will set an additional status conference for establishing a briefing schedule. Please see the enclosed notice for the conference.

So ordered.

**Electronically signed on June 06, 2017 at 10:32 AM pursuant to V.R.E.F. 7(d).**

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Appellant Iishana Artra
Interested Person Ananda Forest
Interested Person Donald P. Brown
Interested Person Roberta Flatley
Interested Person Jia Guang Wang
Robert M. Fisher (ERN 4228), Attorney for Interested Person Town of Brattleboro
Interested Person Peter Putnam